IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIDEM GÜNEY ALSOY AND MEHMET ALI ALSOY AND BONAPORT LLC, </br></br> Plaintiffs, </br></br> v. </br></br> ÇIÇEKSEPETI INTERNET HIZMETLERI, ANONIM SIRKETI, </br></br> Defendant. | Civil Action No. 15-174-JFB-SRF |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this trademark action is the motion to dismiss for lack of prosecution filed by defendant Ciceksepeti Internet Hizmetleri Anonim Sirketi ("defendant"). (D.I. 69) For the following reasons, I recommend that the court grant defendant's motion to dismiss with prejudice.

### II. BACKGROUND

Plaintiffs Didem Güney Alsoy, Mehmet Ali Alsoy, and Bonaport LLC ("plaintiffs") filed this trademark infringement action on February 20, 2015. (D.I. 1) Thereafter, plaintiffs experienced difficulty maintaining counsel, and three separate sets of counsel withdrew from representing plaintiffs. (D.I. 18; D.I. 31; D.I. 66) On October 15, 2018, the court entered an order granting plaintiffs thirty days to retain new counsel. (D.I. 66) The order further provided that, if plaintiffs failed to retain counsel on or before November 14, 2018, they must show cause why the case should not be dismissed by December 14, 2018. (*Id.*) The court's correspondence to plaintiffs, which was sent to plaintiffs' last known address as provided by plaintiffs' former

counsel, was returned undeliverable.[1] (D.I. 67)

## III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for "fail[ure] to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). This determination is within the district court's discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Livera v. First Nat'l Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989). In considering whether dismissal is appropriate, courts within the Third Circuit use the following six-factor test:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Livera*, 879 F.2d at 1194. Because dismissals with prejudice are a drastic sanction, the court must "have a full understanding of the surrounding facts and circumstances pertinent to the *Poulis* factors before it undertakes its analysis." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). The Local Rules further provide that, "in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice and opportunity to be heard, enter an order dismissing such case unless good reason for the inaction is given." D. Del. LR 41.1.

The law is well-established that a corporation or other organization must be represented by a licensed attorney. *See Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012).

---

[1] Due to the invalid address on file for plaintiffs, the court has no means of providing the instant order to plaintiffs apart from its filing on the public docket.

2

## IV. ANALYSIS

I recommend that the court dismiss the instant action with prejudice due to plaintiffs' failure to retain new counsel and failure to prosecute the instant action. Plaintiffs last participated in this action by filing a joint status report on April 2, 2018. (D.I. 58) The record reflects that plaintiffs did not communicate with or pay their most recent counsel for a period of more than six months. (D.I. 61) Plaintiffs have been the subject of no less than three show cause orders since the filing of the present lawsuit, and have failed to respond to the most recent of those orders, which cautioned that failure to respond would result in the dismissal of the case. (D.I. 5; D.I. 22; D.I. 66)

Viewing these facts in light of the *Poulis* factors, I recommend that the court dismiss the action with prejudice due to plaintiffs' history of dilatoriness. In addition, plaintiffs bear personal responsibility for failing to maintain adequate communication with their own counsel and neglecting to provide the court and counsel with accurate contact information. Continuing the action would be prejudicial to defendant, who unilaterally filed the most recent status report due to plaintiffs' nonparticipation in the present action. (D.I. 62) Plaintiffs' apparent abandonment of the present litigation further confirms that sanctions other than dismissal would not be effective in this instance. On balance, the *Poulis* factors weigh in favor of dismissal of the action with prejudice.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court grant defendant's motion to dismiss. (D.I. 69)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections

3

within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 3, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE